**DAVID NIVIN, defendant below, v. STATE, plaintiff below, for the Use of JOHN FIELD et al.**

High Court of Errors and Appeals, August, 1811.

*Ridgely's Notebook I, 10.\**

*Vandyke* and *Bayard* for plaintiff in error. *Read* and *Rodney* for defendant in error.

The cause came on for trial August 9, 1811. The following errors were assigned:

1.   That the declaration is not sufficient to maintain the action.

2.   That the judgment on which the execution process issued is different from that stated in the declaration.

3.   That the said action is brought upon said recognizance in said record mentioned, given by M. Bines, as sheriff, to recover damages for the default of said M. B. under execution process issued to him from said Court of Common Pleas after the expiration of his said office of sheriff for which said David is not liable.

---

\* This case is also reported in *Clayton's Notebook, 26.*

4. That said David is not legally liable to answer as surety for said M. B. under said recognizance, for the matters and things in said record mentioned.

5. That after such return of *fieri facias* in the record mentioned, no such *venditioni exponas* could legally be issued for the sale of said land, and the said David is not liable to answer for the default of said M. B. in the premises.

6. That the declaration does not set forth any sum in which the said recognizance was given.

7. That it does not appear that there was any such original judgment, *scire facias,* judgment thereon, *fieri facias* and *venditioni exponas* as stated in said declaration.

8. That it does not appear by said record that the rents, issues and profits of said land so levied on, under said *fieri facias* were not sufficient within seven years to satisfy the debt and damages in same writ mentioned, in manner prescribed by the Act of Assembly, before issuing said *venditioni exponas.*

9. That judgment in the plea aforesaid, general error.

The case was this. Maxwell Bines was elected and commissioned Sheriff of New Castle County at October, 1797. In compliance with the Act of Assembly entitled "An Act requiring sheriffs to give security," passed in June, 1793, (2 Del.Laws 1129) at December Term of the Court of Common Pleas, in the years 1797, 1798, 1799, he, together with three freeholders, his sureties, entered into a recognizance for the faithful performance of the duty of sheriff, with such condition as the Act of Assembly requires. The sureties of each year were different persons. Joseph Ball, and David Nivin, the plaintiff in error, and Joseph Israel were his sureties in 1799, the last year of his shrievalty.

At May Term, 1789, of the Court of Common Pleas, John Field, Warder and Bacon recovered judgment against John Lewden and judgments thereon, they sued out against Lewden on this for £2624.11.0 with costs. After several writs of *scire facias* judgment a writ of *fieri facias,* tested June 1, 1799, returnable the second Tuesday of December then next following. This writ was delivered to Sheriff Bines to be executed. He returned on the writ that he had seized several parcels of land (particularly describing them) and that they remained unsold for want of buyers etc.

On the 24th December, 1800, after Bines went out of office, Field, Warder, and Bacon sued out against Lewden a writ of *venditioni exponas* directed to M. Bines, late high sheriff and imme-

diate predecessor of the sheriff of New Castle County, commanding Bines to sell the said lands, and to have that money before the said Justices of the Court of Common Pleas the third Tuesday of May then next; that is, the third Tuesday of May, 1801. Bines returned said writ, and that he had sold one parcel of said land to N. Vandyke for $12.62½ per acre, and another parcel thereof for $1333.33, and that the residue remained unsold for want of buyers. The money arising on these sales was not paid to Field, Warder, and Bacon. The suit below was brought against David Nivin, one of the sureties in the recognizance of the last year (Bines and the other sureties being dead) to recover the money made by these sales.

This writ of *venditioni exponas* was directed to Bines, after he ceased to be sheriff, by virtue of "A supplement to an Act entitled, 'An Act directing the manner and form of securities to be given by sheriffs for the due execution of their trust, and prescribing a time for their returns on writs of *fieri facias*,'" passed October 28, 1788. 2 Del.Laws 933, c. 189b.

*Vandyke,* for plaintiff in error, rose to address the Court, but *Read,* for the defendant, objected to proceeding in the cause, because a deed, Bines to Mr. Vandyke, given in evidence below, and a part of the evidence demurred to, was not produced with the record, and is not now before the Court.

*Vandyke* replied that that deed is entirely immaterial. The deed to a purchaser can neither charge nor exonerate the sheriff or his sureties. Their responsibility depends on the recognizance.

PER CURIAM. The deed was read in evidence. It was demurred to, with other evidence. It is a part of the defendant (in error) his case. And it is the business of the plaintiff in error to produce the whole record which he professes to bring up. The Court postpones the cause until Tuesday next to give the plaintiff an opportunity to produce the deed; and if the plaintiff shall not then have it here, the writ of error will be stricken off.

The deed was produced. The Court proceeded in the hearing August 15.

*Vandyke,* for plaintiff in error, read the following papers:

December 11, 1799. Recognizance, Bines, sheriff, Ball, Nivin, and Israel for $16,000 condition that if (in the words of the Act of Assembly, 2 Del.Laws 1130).[1] *Venditioni exponas* tested December 24, 1800, returnable to May Term, 1801.

---

[1] The condition in the Statute reads, "That if he the said Sheriff shall and do well and truly serve and execute all writs and process to him directed with-

The question is whether the recognizance bound the sureties for the performance of sheriff's duty after the expiration of his office. Bines went out of office October, 1800. 2 Del.Laws 933 passed October, 1788. This law is not to be extended by equitable construction. The words of the recognizance must bind him expressly. 2 Term 366, *Straton v. Rostall,* where an annuity bond granted by two becomes void by the neglect of the grantee in not registering a memorial under 17 Geo. III, c. 26, he cannot recover back any part of the consideration money from one who was known to be only a surety for the other, and had not in truth received any part of it, notwithstanding they both joined in signing in receipt for it. 2 Saund. 414, *Lord Arlington v. Merrick.* 12 Vin.Abr., title "Surety," pl. 3. Here the surety was answerable for acts done by Bines only while he was sheriff. The writ was not directed to the sheriff. It was to Bines, late sheriff.

*Read* for defendant in error. The surety is answerable for acts done as sheriff. Bines performed these duties as sheriff. He was out of office; but a sheriff out of office may perform many acts. He may sell on *fieri facias.* He may be compelled to sell. *Quoad* such acts, he is sheriff. The Act of Assembly, 1788, was passed prior to the Act directing the form in which the sheriff shall give security, in 2 Del.Laws 1130. By that Act he had delegated to him a power to act as sheriff, after the common term expired. 4 Co. 1, 4a, *Vernon's Case.* An act made of late time shall be taken within the equity of an act made long before.

Here the Act of 1788 and 1793 are to be taken together. They both relate to the duties of sheriffs; to the security of suitors.

*Bayard* for plaintiff in error. The security must be strictly within the letter of the recognizance and not merely within the equity of it. He referred to cases in Term and Saunders, and commented on them pretty largely.

THE CHANCELLOR delivered the opinion of the Court. This action was brought on the recognizance entered into by Bines, the Sheriff of New Castle County, together with the plaintiff in error and others, his sureties, on December 11, 1799. This was the last year of Bines's shrievalty. The writ of *venditioni exponas*

---

out delay, and shall from time to time, upon request to him made for that purpose, well and truly pay or cause to be paid to the several suitors and parties interested therein, their lawful agents, factors, or assigns, and to the several officers, all and every sum and sums of money to them respectively belonging, which shall come to his hands, or which it shall be his duty to collect and receive, and receive, collect and pay over, all public taxes whatsoever committed to him for collection, and shall do from time to time, and at all times during his continuance in office of Sheriff, well and faithfully execute the said office, and perform in every thing the duty in him reposed..."

was sued out after he ceased to be sheriff. The writ of *fieri facias* was taken out in the second year of his term of office. No process was taken out by plaintiff in his last year. The question is whether by the non-performance of the duty of sheriff on process taken out after the office expired for the completion of an execution sued out before these sureties were bound, the sureties of the last year are liable. Or, in other words, whether the sureties of the sheriff are responsible for him, after he ceased to be sheriff, for any non-performance of his duty, in any case in which no writ or other process came into his hands, and no duty accrued, during the year of their recognizance, and no failure happened in that year. Bines was not in office when he sold the land.

The Court is of the opinion that the recognizance does not enable the plaintiff to recover against David Nivin, the surety. Why are the sureties of the last year responsible, rather than the sureties of the first year? In neither year did any process go into Bines's hands touching this case. He made no breach of the last recognizance. He had no service to perform, and no duty accrued in that year. We will not undertake to say that there is no remedy. It appears to us, if there could be a remedy, that it would be against the sureties of the second year, when the *fieri facias* was sued out and delivered to him, which began the process of execution. But this seems to be a *casus omissus*. There is no express provision made for the case; and we cannot extend the words of the recognizance beyond the actual meaning which the recognizance imports. Therefore we are of opinion that David Nivin, the plaintiff in error, was not liable on this recognizance, and consequently that the judgment must be reversed.

Judgment reversed unanimously.